**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**
**CASE NO.:**

**KHUSHMAN HANS,**
**an Individual,**

**Plaintiff,**

**v.**

**CHEWY, INC.,**
**a Foreign Profit Corporation,**

**Defendant.**
_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

Plaintiff, **KHUSHMAN HANS** ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendant, **CHEWY, INC.** ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA") seeking recovery from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is an adult individual who, at all relevant times, resided in Alachua County, FL.

3. Defendant is a Foreign Profit Corporation that is located and does business in Marion County, Florida, and is therefore within the jurisdiction of this Court.

4. At all times relevant hereto, Plaintiff was an employee of Defendant, and worked for Defendant's office in Marion County, Florida.

5. Plaintiff worked for Defendant in Marion County, Florida, and therefore the proper venue for this case is the Ocala Division of the Middle District of Florida.

6. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked in Ocala, FL, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff's father suffered from a serious

health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to help his father treat same; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

9. Plaintiff worked for Defendant as a Senior Director of Operations from November 26, 2017, until his termination on December 5, 2025.

10. During his more than eight years of employment, Plaintiff performed at a high level, being promoted twice.

11. Plaintiff's father suffered from a serious health condition and required Plaintiff's care, thereby qualifying Plaintiff for FMLA leave.

12. On June 5, 2025, Defendant informed Plaintiff that, at the CEO's direction and based on his good performance, he would establish a new team or project.

13. Plaintiff began that role on June 10, 2025, under the direct supervision of COO Scott Anderson ("Mr. Anderson"), about whom Plaintiff had previously complained to Defendant's Chief Human Resources Officer.

14. Defendant's performance-management practices contemplated documented monthly one-on-one meetings and periodic performance reviews.

15. During approximately the final two years of Plaintiff's employment,

Defendant did not provide Plaintiff with documented monthly one-on-one meetings and provided him with only one annual performance review.

16. Before Plaintiff began his FMLA leave, Defendant had not provided him with any documented warning, performance improvement plan, or other notice that his performance was sufficiently deficient to warrant termination.

17. Between June 2025 and August 2025, Plaintiff repeatedly asked Mr. Anderson to provide the job description, performance expectations, deliverables, and applicable deadlines for Plaintiff's newly created position.

18. Mr. Anderson did not provide Plaintiff with a job description or defined performance expectations before Plaintiff commenced his approved leave.

19. Plaintiff took personal leave from August 15, 2025 through August 30, 2025, to drop his son off at college in California.

20. Afterwards, Plaintiff requested FMLA leave to care for his ailing father in India, which was ultimately approved by Defendant.

21. While Defendant processed his FMLA leave request, Plaintiff took a company leave of absence from September 1, 2025 through September 14, 2025.

22. Plaintiff then went on his approved FMLA leave from September 15, 2025 through December 4, 2025.

23. On December 2, 2025, Plaintiff contacted Defendant's Director of HR, Mandy Stepan ("Ms. Stepan"), to confirm his December 5, 2025 return date.

24. Plaintiff timely notified Defendant that he intended to return on December 5, 2025, and was ready, willing, and able to resume working on that date.

25. On December 5, 2025—the day Plaintiff was scheduled to return from FMLA leave—Ms. Stepan informed Plaintiff that Defendant was considering terminating his employment based on purportedly poor performance.

26. Plaintiff immediately sent an email requesting identification of the alleged performance deficiencies, the feedback allegedly provided to him, the standards against which his performance had been measured, and the job description for his new position.

27. Defendant did not provide Plaintiff with the requested performance documentation or job description.

28. Later that day, Defendant's HR Vice President Michael Stevens ("Mr. Stevens") informed Plaintiff that Defendant was terminating his employment, effective immediately.

29. It is clear that Defendant retaliated against Plaintiff based on his utilization of FMLA leave to care for his ailing father.

30. Any other "reason" theorized after the fact by Defendant for its termination of Plaintiff's employment is pure pretext.

31. Defendant's adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff notifying Defendant of his father's

serious health condition, requesting FMLA leave to care for his father, and taking protected FMLA leave.

32. Defendant's actions were unlawful and constitute actionable violations of the FMLA.

33. Plaintiff engaged in statutorily protected conduct by notifying Defendant of his father's serious health condition, requesting FMLA leave, and taking approved FMLA leave, and Plaintiff suffered an adverse employment action when Defendant terminated his employment.

34. Defendant did not have a legitimate, non-retaliatory reason for its actions.

35. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

36. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

37. The timing of Plaintiff's notification concerning his father's serious health condition, his request for and use of protected FMLA leave, and Defendant's termination of his employment on his scheduled return date demonstrates a causal and temporal connection between his protected activity and Defendant's actions.

38. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his use of protected FMLA leave.

39. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

40. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

41. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: UNLAWFUL INTERFERENCE UNDER THE FMLA

42. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 41, above.

43. At all times relevant hereto, Plaintiff was protected by the FMLA.

44. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

45. At all times relevant hereto, Defendant interfered with Plaintiff's FMLA rights by failing to restore Plaintiff, upon his scheduled return from FMLA leave, to the same position or an equivalent position with equivalent pay, benefits, and other terms and conditions of employment.

46. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered

damages and incurred reasonable attorneys' fees and costs.

47. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II: UNLAWFUL RETALIATION UNDER THE FMLA

48. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 41, above.

49. At all times relevant hereto, Plaintiff was protected by the FMLA.

50. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

51. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for his use of FMLA-protected leave.

52. Defendant acted with the intent to retaliate against Plaintiff because Plaintiff notified Defendant of his father's serious health condition, requested FMLA leave to care for his father, and used leave pursuant to the FMLA.

53. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for attempting to exercise his rights pursuant to the

FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

54. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 24th day of September, 2026.

Respectfully Submitted,

***/s/ Nicholas Vimo***
Nicholas Vimo
Florida Bar No. 1029436
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: nicholas@floridaovertimelawyer.com

*Counsel for Plaintiff*